IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND; STATE OF DELAWARE; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ARIZONA; STATE OF CONNECTICUT; DISTRICT OF COLUMBIA, STATE OF HAWAI'I; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR *ex rel.* Andy Beshear, in his official capacity as Governor of the COMMONWEALTH OF KENTUCKY; STATE OF MAINE; COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; JOSH SHAPIRO, in his official capacity as Governor of the COMMONWEALTH OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN;<br><br>            Plaintiffs,<br><br>    v.<br><br>CORPORATION FOR NATIONAL AND COMMUNITY SERVICE, operating as AmeriCorps; and JENNIFER BASTRESS TAHMASEBI, in her official capacity as Interim Head of the Corporation for National and Community Service;<br><br>            Defendants. | Civ. No. 25-cv-01363 (DLB) |

**(PROPOSED) ORDER ENTERING**
<u>**5 U.S.C. § 705 STAY AND  PRELIMINARY INJUNCTION**</u>

Upon consideration of the Motion for Preliminary Injunction filed by Plaintiffs State of

Maryland; State of Delaware; State of California; State of Colorado; State of Arizona; State of

Connecticut; District of Columbia; State of Hawai'i; State of Illinois; Office of the Governor *ex*

1

*rel.* Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky; State of Maine; Commonwealth of Massachusetts; People of the State of Michigan; State of Minnesota; State of Nevada; State of New Jersey; State of New Mexico; State of New York; State of North Carolina; State of Oregon; Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania; State of Rhode Island; State of Vermont; State of Washington; State of Wisconsin (the "Motion"), the memorandum in opposition to the Motion filed by Defendants Corporation for National and Community Service ("AmeriCorps") and Jennifer Bastress Tahmasebi, the parties' briefs regarding a Preliminary Injunction, the exhibits to those submissions, and the entire record in this case, including the hearing held before this Court, and for reasons set forth in the accompanying Memorandum Opinion, it is hereby ORDERED that the Motion is GRANTED and a Preliminary Injunction Order is ENTERED as follows:

1. Defendants' acts or omissions or both—including all rules, regulations, guidelines, instructions, and other communications, written or oral, heretofore published, promulgated or otherwise communicated—directing, providing for, intended to accomplish, or effectuating the dismantling of AmeriCorps, are VACATED and should be treated as null, void, and rescinded.  Specifically:

    a. Defendants' acts undertaken on or around April 15, 2025, to release all NCCC members from the AmeriCorps program effective April 30, 2025, are VACATED with respect to all NCCC members assigned to placements in Plaintiff States.

    b. Defendants' acts undertaken on or around April 15, 2025, to place approximately 85% of AmeriCorps staff on administrative leave, are VACATED throughout the United States.

    c. Defendants' acts undertaken on or around April 24, 2025, to institute a reduction in force for AmeriCorps staff, are VACATED throughout the United States.

    d. Defendants' acts undertaken on or around April 25, 2025, to terminate approximately 1,031 AmeriCorps programs and associated funding, are VACATED with respect to programs located in Plaintiff States.

2. Pending further order of the Court, Defendants, their agents, and anyone acting at Defendants' direction, are ENJOINED from reissuing, adopting, implementing, giving effect to, or reinstating under a different name or means any of the foregoing acts.

3. Within one week of entry of this order, Defendants SHALL FILE on the Court's electronic docket a Status Report documenting the actions that they have taken to comply with this Order.

4. The Court anticipates requiring further Status Reports, which may require Defendants to provide further detailed information as to their compliance activities. The Court may also enter orders as necessary to ensure compliance with this Order.

DATED this day _____, 2025, at _____.

                              BY THE COURT:

                              _____
                              Deborah L. Boardman
                              United States District Judge