IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND, *et al.*, <br><br> Plaintiffs, <br><br> v. <br><br> CORPORATION FOR NATIONAL AND COMMUNITY SERVICE, *operating as* AMERICORPS, *et al.*, <br><br> Defendants. | No. 1:25-cv-01363-DLB |

**DEFENDANTS' MOTION TO MODIFY THE SCOPE OF THE PRELIMINARY INJUNCTION**

Defendants respectfully submit this motion to modify the preliminary injunction in light of the Supreme Court's intervening decision in *Trump v. CASA*, No. 24A884 (June 27, 2025), which bears on the allowable scope of injunctive relief. *CASA* made clear that courts lack power to issue universal injunctions. Accordingly, Defendants respectfully request that this Court alter the preliminary injunction in part, specifically, to alter paragraph 1(e) of the Order to require that provision to apply only to actions that harm the Plaintiff States.[1] Plaintiffs consent to the proposed relief.

## STANDARD OF REVIEW

Preliminary injunctions are interlocutory and, therefore, a motion for modification or reconsideration is "not subject to the strict standards applicable to motions for reconsideration of a final judgment." *Am. Canoe Ass'n v. Murphy Farms, Inc.*, 326 F.3d 505, 514 (4th Cir. 2003). District courts have the discretion to modify or reconsider interlocutory judgments at any time before final judgment, *id*. at 514–15; Fed. R. Civ. P. 54(b). *Carlson v. Boston Sci. Corp.*, 856 F.3d 320, 325–26 (4th Cir. 2017). While the Federal Rules of Civil Procedure do not establish specific standards for evaluating when to reconsider an interlocutory order, most courts will reconsider an interlocutory order only when: "(1) *there has been an intervening change in controlling law*; (2) there is additional evidence that was not previously available; or (3) the prior decision was based on clear error or would work manifest injustice." *Akeva, L.L.C. v. Adidas Am., Inc.*, 385 F. Supp.

---

[1] Defendants request the following modification:

"The defendants must COMPLY with the notice-and-comment requirement in the Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, § 401, 138 Stat. 460, 695, incorporated by reference in the Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, § 1101(a), 139 Stat. 9, 10–11, before making any significant changes in service delivery **that harm the Plaintiff States**, including significant changes like the mass closure of AmeriCorps programs that occurred on April 25, 2025 and the April 15, 2025 removal of NCCC members from service."

2d 559, 565–66 (M.D.N.C. 2005) (collecting cases) (emphasis added).

## ARGUMENT

In *CASA*, the Supreme Court addressed "universal injunctions," which are injunctions that bar the defendant from enforcing "a law or policy against anyone," in contrast to an injunction that bars the defendant from enforcing the challenged law or policy against the plaintiff. Op. 1. The Supreme Court explained that "Congress has granted federal courts no such power," Op. 5, as universal injunctions have no historical analogue in equity practice, Op. 5-11.

Instead, the governing principle is that a court granting equitable relief "may administer complete relief between the parties." Op. 16 (quotation omitted). "Under this principle, the question is not whether an injunction offers complete relief to everyone potentially affected by an allegedly unlawful act; it is whether an injunction will offer complete relief to the plaintiffs before the court." Op. 17. And even then, "[c]omplete relief is not a guarantee—it is the maximum a court can provide." Op. 18. Thus, "the broader and deeper the remedy the plaintiff wants, the stronger the plaintiff's story needs to be." *Id*. (quotation omitted).

These principles necessitate modification of the Court's injunction here, which extends beyond the Plaintiffs to preclude the government from acting with respect to non-parties. Here, the Court's Order as written directs Defendants to:

> COMPLY with the with the notice-and-comment requirement in the Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, § 401, 138 Stat. 460, 695, incorporated by reference in the Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, § 1101(a), 139 Stat. 9, 10–11, before making any significant changes in service delivery, including significant changes like the mass closure of AmeriCorps programs that occurred on April 25, 2025 and the April 15, 2025 removal of NCCC members from service.

ECF No. 149 at 3. By way of example, if a significant change in service delivery occurred, but does not harm the Plaintiff States—then an injunction enforcing a notice-and-comment requirement would not be proper under *CASA*.

3

**CONCLUSION**

The Court's Preliminary Injunction Order as to the notice-and-comment requirement should be modified to apply only to the Plaintiff States.

Dated:  July 7, 2025

Respectfully submitted,

BRETT A. SHUMATE
Assistant Attorney General
Civil Division

ERIC J. HAMILTON
Deputy Assistant Attorney General
Civil Division, Federal Programs Branch

JOSEPH E. BORSON
Assistant Branch Director
Civil Division, Federal Programs Branch

*/s/ Sarmad Khojasteh*
SARMAD KHOJASTEH
*Senior Counsel*
U.S. Department of Justice
Civil Division
950 Pennsylvania Avenue, NW
Washington, DC 20530
Tel.: (202) 353-0261
Email: Sarmad.Khojasteh@usdoj.gov

*/s/ Pierce J. Anon*
PIERCE J. ANON
(N.Y. Bar No. 6184303)
*Trial Attorney*
U.S. Department of Justice
Civil Division, Federal Programs Branch
1100 L Street, N.W.
Washington, DC 20005
Tel.: (202) 305-7573
Email: Pierce.Anon@usdoj.gov

*Attorneys for Defendants*