IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| STATE OF MARYLAND; STATE OF DELAWARE; STATE OF CALIFORNIA; STATE OF COLORADO; STATE OF ARIZONA; STATE OF CONNECTICUT; DISTRICT OF COLUMBIA, STATE OF HAWAIʻI; STATE OF ILLINOIS; OFFICE OF THE GOVERNOR *ex rel.* Andy Beshear, in his official capacity as Governor of the COMMONWEALTH OF KENTUCKY; STATE OF MAINE; COMMONWEALTH OF MASSACHUSETTS; PEOPLE OF THE STATE OF MICHIGAN; STATE OF MINNESOTA; STATE OF NEVADA; STATE OF NEW JERSEY; STATE OF NEW MEXICO; STATE OF NEW YORK; STATE OF NORTH CAROLINA; STATE OF OREGON; JOSH SHAPIRO, in his official capacity as Governor of the COMMONWEALTH OF PENNSYLVANIA; STATE OF RHODE ISLAND; STATE OF VERMONT; STATE OF WASHINGTON; STATE OF WISCONSIN;<br><br>   Plaintiffs,<br><br>v.<br><br>CORPORATION FOR NATIONAL AND COMMUNITY SERVICE, operating as AmeriCorps; and JENNIFER BASTRESS TAHMASEBI, in her official capacity as Interim Head of the Corporation for National and Community Service;<br><br>   Defendants. | Civ. No. 25-cv-01363 (DLB) |

**PLAINTIFF STATES' MOTION FOR STATUS REPORT OR CONFERENCE**

Plaintiffs, through this motion, respectfully request that the Court order Defendants to file a status report—or, alternatively, set a status conference—regarding the apparent withholding or conditioning of significant Fiscal Year (FY) 2025 funding for certain AmeriCorps programs. Plaintiffs need to better understand whether Defendants, their agents, and/or those acting in concert with them—most notably, the Office of Management and Budget (OMB)—have improperly withheld or intend to withhold such funding, which, if confirmed, would be in apparent defiance of the relief effectuated by this Court's Preliminary Injunction. Specifically, in recent weeks, AmeriCorps has failed to properly award FY 2025 funding for: (1) certain programs funded by competitive AmeriCorps State and National grants, (2) Foster Grandparent and Senior Companion programs, and (3) Commission Investment Fund (CIF) grants to State Service Commissions.

Plaintiffs have endeavored on multiple occasions to confer informally with Defendants regarding these issues. Yet Defendants declined to provide substantive answers as to why such funds are being withheld. To the extent Plaintiffs' attempted conferrals have provided any useful information, the details have been partial: For example, Defendants have stated, through counsel, that AmeriCorps *itself* is not withholding any funding, and does not intend to do so. However, Defendants explicitly conditioned many competitive AmeriCorps grants on "release of FY25 appropriated dollars." They also have delayed awards of AmeriCorps Seniors grants and CIF grants, and it is unclear whether such funds will ever be released. While Defendants' silence in conferrals may mean to suggest that another Executive Branch entity, such as OMB, is effectively circumventing this Court's Order by upending AmeriCorps programs, Defendants have refused to even assert as much.

This Court previously ordered Defendants to comply with the law requiring notice-and-comment rulemaking prior to any significant changes in AmeriCorps service delivery. ECF No.

149 at 3. Yet Defendants' refusal to explain, even via informal conferral, unquestionable changes in service delivery, makes it impossible to ascertain Defendants' compliance with the Court's Order. Defendants should be directed to demonstrate compliance with this Court's Order and explain the status of funding for the AmeriCorps programs noted above, including whether the significant changes now being made (outside of notice-and-comment) are occurring at the behest of or in concert with another Executive Branch entity, such as OMB.

Plaintiffs therefore respectfully request that the Court order Defendants to file a status report no later than July 15, 2025. The proposed order includes suggested questions, which Plaintiffs have posed repeatedly in various forms to Defendants, and which are designed to get to the bottom of these issues. Alternatively, if the Court believes a status conference would be a more efficient vehicle to gain meaningful responses to Plaintiffs' questions, the States ask that the Court set a status conference before or during the week of July 14.

This timing would serve judicial efficiency. Defendants are currently subject to a deadline to answer and/or to file a motion to dismiss on July 18. The requested information will inform whether Plaintiffs will (a) move to enforce the existing Preliminary Injunction, (b) amend the Complaint, (c) file a separate cause of action, or (d) pursue some combination of the foregoing. Accordingly, Defendants' explanation as to recent changes in AmeriCorps is needed to prevent any wasted effort by the parties and loss of judicial resources. Even more important, such information is critical to determining Defendants' compliance with this Court's Order.

**BACKGROUND**

Numerous AmeriCorps programs in Plaintiff States applied for AmeriCorps State and National competitive grant funding for the 2025–2026 service year. In mid-June of this year (subsequent to the Court's Preliminary Injunction), many successful applicants were informed by

3

AmeriCorps that their competitive grant programs were "funded pending release of FY25 appropriated dollars." *See, e.g.*, Attachment A (chart sent by AmeriCorps to Maryland's State Service Commission). For example, two Maryland programs—including Frostburg State University's ASTAR program—were "funded pending release of FY25 appropriated dollars," as were programs in California, Colorado, Connecticut, Illinois, Maine, Massachusetts, North Carolina, New York, and Wisconsin. Other programs were simply marked "funded," without the "pending release of FY25 appropriated dollars" caveat.

The "funded pending release of FY25 appropriated dollars" language appears to refer to apportionment, the process by which OMB "apportions or distributes budgeted amounts to the executive branch agencies, thereby making funds in appropriation accounts (administered by the Treasury Department) available for obligation." U.S. GAO, *Principles of Federal Appropriations Law* 2-27–2-28 & n.32 (4th ed. 2016), https://www.gao.gov/assets/2019-11/675709.pdf. This inference is consistent with recent public reporting, which indicates that OMB has begun to withhold apportionments of "billions of dollars at a wide range of U.S. agencies" as part of the administration's efforts to "refus[e] to spend congressionally mandated funds."[1] By including the "funded pending release of FY25 appropriated dollars" language in competitive grant awards, Defendants have conditioned AmeriCorps programs on OMB's eventual "release" of Congressionally appropriated funds.

Plaintiffs and their associated programs reasonably fear that programs demarcated with the "funded pending release of FY25 appropriated dollars" caveat will not, in fact, be funded at all. Plaintiffs quickly sought clarity on this issue so that their programs could decide—before each

---

[1] Jeff Stein et al., *Trump administration is preparing to challenge budget law*, U.S. officials say, Wash. Post, June 25, 2025, https://www.washingtonpost.com/business/2025/06/25/trump-budget-law-challenge/.

4

State's formula package was due to AmeriCorps in mid-July—whether to accept competitive grants (with the condition that the funds might not be released) or to seek inclusion within each State's formula grant (which would result in a lower amount of funding). Specifically, Plaintiffs asked Defendants' counsel whether AmeriCorps or any other entity in the Executive Branch intended to withhold FY 2025 appropriated sums from programs in Plaintiff States. Defendants responded that *AmeriCorps* did not intend to withhold FY25 funding from any programs but declined to speak on behalf of any other Executive Branch entities. Although Defendants extended the deadline for States to submit their formula packages to AmeriCorps, Plaintiff States have received no information as to whether the administration will actually fund the programs in Plaintiff States that AmeriCorps has purportedly approved.

Plaintiffs subsequently learned that multiple additional funds similarly have been withheld, delayed, and/or improperly conditioned for other AmeriCorps programs in Plaintiff States:

1. *AmeriCorps Seniors programs*: On June 30, 2025, funding expired for approximately 124 Foster Grandparent and Senior Companion programs. Many of these programs are located in Plaintiff States, and several are operated directly by Plaintiff States or their instrumentalities. Although at least one such program in a Plaintiff State appears to have received a "no-cost extension" to continue operations, Plaintiffs do not know whether funding has been provided to all such approved programs.

2. *Commission Investment Fund grants*: Plaintiff States have not received their Fiscal Year 2025 CIF grants, which State Service Commissions use to support training and technical assistance. Although Plaintiffs were informed by AmeriCorps in March that their respective Commissions would be allocated a specific dollar amount of CIF grants, that amount has not been disbursed. At least one Plaintiff State was told by AmeriCorps that

5

their CIF grant would be awarded "upon release of the agency's appropriated FY25 funding."

Due to these developments—as well as additional reporting that OMB "has been preparing to refuse to spend congressionally mandated funds" by withholding funds from other agencies[2]—Plaintiffs explicitly asked Defendants whether OMB had released or intended to release AmeriCorps funding for competitive grant programs, Foster Grandparent and Senior Companion programs, and/or CIF grants. But Defendants declined to provide a substantive response to these questions, nor have they indicated whether they would provide such a response in the future. Defendants also confirmed that they would oppose Plaintiffs' motion for a status report or conference.

## ARGUMENT

This Court previously ordered that Defendants "must COMPLY with the notice-and-comment requirement" in AmeriCorps FY 2024 and 2025 appropriations laws "before making any significant changes in service delivery, including significant changes like the mass closure of AmeriCorps programs that occurred on April 25, 2025 and the April 15, 2025 removal of NCCC members from service." ECF No. 149 at 3. Since the Court's Order, however, AmeriCorps has for the first time conditioned approvals of programs for the coming year on "release of . . . appropriated dollars," which threatens the viability of AmeriCorps programs in Plaintiff States. Moreover, AmeriCorps has simply failed to distribute funding needed by AmeriCorps Seniors Programs and State Service Commissions.

---

[2] *See, e.g.*, Justine McDaniel & Terell Wright, *Trump administration withholds $7 billion from schools*, Wash. Post, July 2, 2025, https://www.washingtonpost.com/education/2025/07/02/schools-education-trump-administration-funding-hold/.

Despite numerous good-faith inquiries, Plaintiffs still lack basic information that would reveal whether and why certain AmeriCorps funding is being withheld. As a result, Plaintiffs cannot tell whether Defendants, their agents, or others working in active concert or participation with them have made significant changes to AmeriCorps service delivery without notice and comment, in potential violation of this Court's Order. *See* Fed. R. Civ. P. 65(d)(2)(B)–(C). This information is also critical for Plaintiffs to determine appropriate next steps in this litigation—including whether they need to file a Motion to Enforce, an Amended Complaint, a separate cause of action, or some combination thereof—before Defendants file their anticipated motion to dismiss by July 18. Requiring Defendants to provide this information ahead of their filing their motion to dismiss would promote judicial efficiency as the parties then would have the opportunity to confer on any potential revised schedule based on a more complete set of information.

This Court has "broad discretion in using its inherent equitable powers to ensure compliance with its orders." *Nat'l L. Ctr. on Homelessness & Poverty v. U.S. Dep't of Veterans Affs.*, 842 F. Supp. 2d 127, 131 (D.D.C. 2012); *Meineke Car Care Ctrs. v. Asar Inc., LLC*, No. 3:14-CV-129-RJC, 2016 WL 1192525, at *2 (W.D.N.C. Mar. 28, 2016) (similar). Indeed, "[e]quity would not be achieved if a court decided simply to rubber-stamp an enjoined party's unsupported self-assessment of its compliance with a court order." *Nat'l L. Ctr. on Homelessness*, 842 F. Supp. 2d at 131. This Court previously directed Defendants to provide information demonstrating compliance with the Preliminary Injunction. *See* ECF No. 149 at 3 (ordering Defendants to "file a status report documenting the actions they have taken to comply with this Order"). The Court should do so again here.

At bottom, numerous AmeriCorps programs in Plaintiff States programs are once again threatened by sudden administrative actions occurring behind closed doors. Although Defendants

7

claim that they are complying with the Court's Order requiring notice-and-comment procedures for any significant change in AmeriCorps service delivery, multiple streams of AmeriCorps funding have been shut off or conditioned without any notice or explanation. Defendants are accordingly obligated to demonstrate their compliance with this Court's Order by explaining to Plaintiffs and this Court why and whether AmeriCorps funding is being withheld.

## CONCLUSION

Plaintiffs respectfully request that the Court order Defendants to file a status report or set a hearing answering the questions set forth in the attached proposed order on the timeline detailed above.

Dated: July 8, 2025                                                                 Respectfully submitted,

**ANTHONY G. BROWN**                                             **KATHLEEN JENNINGS**
ATTORNEY GENERAL OF MARYLAND                          ATTORNEY GENERAL OF DELAWARE

By: */s/ Keith M. Jamieson*                                              By: */s/ Ian R. Liston*
Keith M. Jamieson (D. Md. Bar. No. 31543)              Ian R. Liston*
Virginia Williamson (D. Md. Bar. No. 31472)             *Director of Impact Litigation*
   *Assistant Attorneys General*                                       Vanessa L. Kassab*
Office of the Attorney General                                          *Deputy Attorney General*
200 Saint Paul Place                                                          Delaware Department of Justice
Baltimore, Maryland  21202                                              820 N. French Street
(410) 576-6960                                                                  Wilmington, DE  19801
kjamieson@oag.state.md.us                                              (302) 683-8899
                                                                                          Ian.Liston@delaware.gov

*Counsel for the State of Maryland*

                                                                                          *Counsel for the State of Delaware*

**ROB BONTA**                                                              **PHILIP J. WEISER**
ATTORNEY GENERAL OF CALIFORNIA                       ATTORNEY GENERAL OF COLORADO

By: */s/ Ezra Kautz*                                                          By: */s/ Sarah H. Weiss*
Ezra Kautz*                                                                       David Moskowitz*
   *Deputy Attorney General*                                             *Deputy Solicitor General*
Joel Marrero*                                                                   Sarah H. Weiss*
William H. Downer*                                                         *Senior Assistant Attorney General*

8

*Supervising Deputy Attorneys General*
Brian Bilford*
   *Deputy Attorney General*
Michael L. Newman*
   *Senior Assistant Attorney General*
California Department of Justice
1300 I Street
Sacramento, CA 95814
(916) 210-6346
Joel.Marrero@doj.ca.gov
William.Downer@doj.ca.gov
Ezra.Kautz@doj.ca.gov
Brian.Bilford@doj.ca.gov
Michael.Newman@doj.ca.gov

*Counsel for the State of California*

**KRISTIN K. MAYES**
ATTORNEY GENERAL OF ARIZONA

By  */s/ Joshua A. Katz*
Joshua A. Katz*
   *Assistant Attorney General*
Office of the Arizona Attorney General
2005 N. Central Ave.
Phoenix, Arizona 85004
(602) 542-3333
Joshua.Katz@azag.gov

*Counsel for the State of Arizona*

**BRIAN L. SCHWALB**
ATTORNEY GENERAL FOR THE DISTRICT OF COLUMBIA

By: */s/ Andrew C. Mendrala*
Andrew C. Mendrala*
   *Assistant Attorney General*
Public Advocacy Division
Office of the Attorney General for the District of Columbia
400 Sixth Street, NW
Washington, D.C. 20001
(202) 724-9726
Andrew.mendrala@dc.gov

Kyle M. Holter*
Sam Wolter*
   *Assistant Attorneys General*
Colorado Office of the Attorney General
1300 Broadway, #10
Denver, CO 80203
(720) 508-6000
david.moskowitz@coag.gov
sarah.weiss@coag.gov
kyle.holter@coag.gov
samuel.wolter@coag.gov

*Counsel for the State of Colorado*

**WILLIAM TONG**
ATTORNEY GENERAL OF CONNECTICUT

By: */s/ Andrew Ammirati*
Andrew Ammirati*
   *Assistant Attorney General*
Connecticut Office of the Attorney General
165 Capitol Ave
Hartford, CT 06106
(860) 808-5090
Andrew.Ammirati@ct.gov

*Counsel for the State of Connecticut*

**ANNE E. LOPEZ**
ATTORNEY GENERAL OF HAWAIʻI

By: */s/ Kalikoʻonālani D. Fernandes*
David D. Day*
   *Special Assistant to the Attorney General*
Kalikoʻonālani D. Fernandes*
   *Solicitor General*
Hawaiʻi Department of the Attorney General
425 Queen Street
Honolulu, HI 96813
(808) 586-1360
david.d.day@hawaii.gov
kaliko.d.fernandes@hawaii.gov

9

*Counsel for the District of Columbia*

**KWAME RAOUL**
ATTORNEY GENERAL OF ILLINOIS

By: */s/ Abigail R. Durkin*
Abigail R. Durkin*
  *Assistant Attorney General II, Special*
  *Litigation Bureau*
Cara Hendrickson*
  *Assistant Chief Deputy Attorney General*
Office of the Illinois Attorney General
115 South LaSalle Street
Chicago, IL 60603
Tel. (312) 814-3000
Abigail.Durkin@ilag.gov
Cara.Hendrickson@ilag.gov

*Counsel for the State of Illinois*

**AARON M. FREY**
ATTORNEY GENERAL OF MAINE

By: */s/ Sarah A. Forster*
Sarah A. Forster*
  *Assistant Attorney General*
Office of the Attorney General
6 State House Station
Augusta, ME  04333-0006
Tel.:  (207) 626-8800
Fax:  (207) 287-3145
Sarah.Forster@maine.gov

*Counsel for the State of Maine*

**DANA NESSEL**
ATTORNEY GENERAL OF MICHIGAN

*Counsel for the State of Hawaiʻi*

**OFFICE OF THE GOVERNOR** *ex rel.*
**ANDY BESHEAR**
IN HIS OFFICIAL CAPACITY AS GOVERNOR OF
THE COMMONWEALTH OF KENTUCKY

By:  */s/ S. Travis Mayo*
S. Travis Mayo*
  *General Counsel*
Taylor Payne*
  *Chief Deputy General Counsel*
Laura C. Tipton*
  *Deputy General Counsel*
Office of the Governor
700 Capitol Avenue, Suite 106
Frankfort, KY 40601
(502) 564-2611
travis.mayo@ky.gov
taylor.payne@ky.gov
laurac.tipton@ky.gov

*Counsel for the Office of the Governor*

**ANDREA JOY CAMPBELL**
ATTORNEY GENERAL OF MASSACHUSETTS

By: */s/ Katherine Dirks*
Katherine Dirks*
  *Chief State Trial Counsel*
Jonathan Green*
  *Division Chief*
Veronica Zhang*
  *Assistant Attorney General*
  *Non-Profit Organizations / Public Charities*
Massachusetts Office of the Attorney General
1 Ashburton Pl. Boston, MA 02108
(617) 963-2277
katherine.dirks@mass.gov

*Counsel for the Commonwealth of Massachusetts*

**KEITH ELLISON**
ATTORNEY GENERAL OF MINNESOTA

By: */s/ Neil Giovanatti*
Neil Giovanatti*
Alexus Ringstad*
   *Assistant Attorneys General*
Michigan Department of Attorney General
525 W. Ottawa
Lansing, MI 48909
(517) 335-7603
GiovanattiN@michigan.gov
RingstadA@michigan.gov

*Counsel for the People of the State of Michigan*

**AARON D. FORD**
ATTORNEY GENERAL OF NEVADA

By: */s/ Heidi Parry Stern*
Heidi Parry Stern*
   *Solicitor General*
Office of the Nevada Attorney General
555 E. Washington Ave., Ste. 3900
Las Vegas, NV 89101
HStern@ag.nv.gov

*Counsel for the State of Nevada*

**RAÚL TORREZ**
ATTORNEY GENERAL OF NEW MEXICO

By: */s/ James W. Grayson*
James W. Grayson*
   *Chief Deputy Attorney General*
New Mexico Department of Justice
P.O. Drawer 1508
Santa Fe, NM  87504-1508
(505) 490-4060
jgrayson@nmdoj.gov

*Counsel for the State of New Mexico*

By:*/s Liz Kramer*
Liz Kramer*
   *Solicitor General*
Minnesota Attorney General's Office
445 Minnesota Street, Suite 1400
St. Paul, Minnesota, 55101
(651) 757-1010
Liz.Kramer@ag.state.mn.us

*Counsel for the State of Minnesota*

**MATTHEW J. PLATKIN**
ATTORNEY GENERAL OF NEW JERSEY

*/s/ Jessica L. Palmer*
Jessica L. Palmer*
Lauren E. Van Driesen*
   *Deputy Attorneys General*
Office of the Attorney General
124 Halsey Street, 5th Floor
Newark, NJ 07101
(609) 696-4607
Jessica.Palmer@law.njoag.gov

*Counsel for the State of New Jersey*

**LETITIA JAMES**
ATTORNEY GENERAL OF NEW YORK

By: */s/ Jessica Ranucci*
Jessica Ranucci*
   *Special Counsel, Federal Initiatives*
Rabia Muqaddam*
   *Special Counsel for Federal Initiatives*
Office of the Attorney General
28 Liberty St.
New York, NY 10005
(929) 638-0447
Jessica.ranucci@ag.ny.gov
rabia.muqaddam@ag.ny.gov

*Counsel for the State of New York*

11

**JEFF JACKSON**
ATTORNEY GENERAL OF NORTH CAROLINA

**LAURA HOWARD**
CHIEF DEPUTY ATTORNEY GENERAL

By /s/ Daniel P. Mosteller
Daniel P. Mosteller*
　*Associate Deputy Attorney General*
North Carolina Department of Justice
PO Box 629
Raleigh, NC 27602
(919) 716-6026
dmosteller@ncdoj.gov

*Counsel for the State of North Carolina*

**JOSH SHAPIRO**
IN HIS OFFICIAL CAPACITY AS GOVERNOR OF THE COMMONWEALTH OF PENNSYLVANIA

By: */s/ Kenneth L. Joel*
Kenneth L. Joel*
　*Deputy General Counsel*
Benjamin Holt*
　*Chief Counsel*
　*Pennsylvania Department of Labor*
Melissa Murphy*
　*Senior Counsel*
　*Pennsylvania Department of Labor*
Governor's Office of General Counsel
30 N. 3rd St., Suite 200
Harrisburg, PA 17101
(717) 649-8669
kennjoel@pa.gov

*Counsel for Governor Josh Shapiro*

**CHARITY R. CLARK**
ATTORNEY GENERAL OF VERMONT

By: */s/ Jonathan T. Rose*
Jonathan T. Rose*
　*Solicitor General*
Office of the Vermont Attorney General
109 State Street

**DAN RAYFIELD**
ATTORNEY GENERAL OF OREGON

By: /s *Sadie Forzley*
Sadie Forzley*
　*Senior Assistant Attorney General*
Oregon Department of Justice
100 SW Market Street
Portland, OR 97201
(971) 673-1880
sadie.forzley@doj.oregon.gov

*Counsel for the State of Oregon*

**PETER F. NERONHA**
ATTORNEY GENERAL OF RHODE ISLAND

By: */s/ Kyla Duffy*
Kyla Duffy*
　*Special Assistant Attorney General*
Rhode Island Attorney General's Office
150 South Main Street
Providence, RI 02903
(401) 274-4400, Ext. 2809
kduffy@riag.ri.gov

*Counsel for the State of Rhode Island*

**NICHOLAS W. BROWN**
ATTORNEY GENERAL OF WASHINGTON

By: */s/ Abby Kahl*
Abigail Kahl*
Andrew R.W. Hughes*
　*Assistant Attorneys General*
Office of the Attorney General

Montpelier, VT  05609
(802) 828-3171
Jonathan.rose@vermont.gov

*Counsel for the State of Vermont*

**JOSHUA L. KAUL**
ATTORNEY GENERAL OF WISCONSIN

By: */s/ Charlotte Gibson*
Charlotte Gibson*
  *Assistant Attorney General*
Wisconsin Department of Justice
P.O. Box 7857
Madison, WI  53707
(608) 957-5218 (phone)
(608) 294-2907 (fax)

*Counsel for the State of Wisconsin*

2425 Bristol Court SW
Second Floor
PO Box 40117
Olympia, WA 98504
360-534-4864
Abigail.Kahl@atg.wa.gov
Andrew.Hughes@atg.wa.gov

*Counsel for the State of Washington*

*\* Pro hac vice*

## CERTIFICATE OF SERVICE

I certify that on July 8, 2025, I filed the foregoing document via CM/ECF and thereby served all parties who have appeared through counsel on the Court's electronic docket.

Respectfully submitted,

*/s/ Keith M. Jamieson*
Keith M. Jamieson (D. Md. Bar. No. 31543)
   *Assistant Attorney General*
Office of the Attorney General
200 Saint Paul Place
Baltimore, Maryland  21202
(410) 576-6960
kjamieson@oag.state.md.us