IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

| | |
|---|---|
| **STATE OF MARYLAND,** *et al.*, | * |
| Plaintiffs, | * |
| v. | *   Civ. No. DLB-25-1363 |
| **CORPORATION FOR NATIONAL AND COMMUNITY SERVICE,** *operating as AmeriCorps*, *et al.*, | * |
| | * |
| Defendants. | * |

**MODIFIED PRELIMINARY INJUNCTION**

On June 5, 2025, the Court issued a preliminary injunction in accordance with Federal Rule of Civil Procedure 65(a). ECF 149. On June 27, 2025, the Supreme Court held that universal injunctions "fall[] outside the bounds of a federal court's equitable authority under the Judiciary Act." *Trump v. CASA, Inc.*, 606 U.S. ----, No. 24A884, 2025 WL 1773631, at *8 (June 27, 2025). On July 7, 2025, the Corporation for National and Community Service and Jennifer Bastress Tahmasebi moved to modify the Court's June 5 Order in light of *CASA*. ECF 157. They ask the Court "to alter paragraph 1(e) of the Order to require that provision to apply only to actions that harm the Plaintiff States." *Id.* at 2. The plaintiffs consent to the proposed relief. *Id.* The consent motion is granted. The Court modifies paragraph 1(e) of the preliminary injunction in the June 5 Order as requested. For the sake of clarity, the Court states the scope of the preliminary injunctive relief, as modified, below. Paragraphs 1(g), (h), and (i) of the June 5 Order have been removed because the deadlines established in those paragraphs have passed, and the parties complied with their terms.

Accordingly, for the reasons stated in the memorandum opinion issued on June 5, 2025, in accordance with Federal Rule of Civil Procedure 65(a), and upon finding that the defendants likely

violated the Administrative Procedure Act by failing to engage in notice-and-comment rulemaking before making significant changes to service delivery, that the plaintiffs will be irreparably harmed if this injunction does not issue, and that the balance of the equities and the public interest favor an injunction, it is this 10th day of July, 2025, hereby ORDERED:

1. The motion for a preliminary injunction, ECF 5, filed by State of Maryland; State of Delaware; State of California; State of Colorado; State of Arizona; State of Connecticut; District of Columbia; State of Hawaiʻi; State of Illinois; Office of the Governor *ex rel.* Andy Beshear, in his official capacity as Governor of the Commonwealth of Kentucky; State of Maine; Commonwealth of Massachusetts; People of the State of Michigan; State of Minnesota; State of Nevada; State of New Jersey; State of New Mexico; State of New York; State of North Carolina; State of Oregon; Josh Shapiro, in his official capacity as Governor of the Commonwealth of Pennsylvania; State of Rhode Island; State of Vermont; State of Washington; and State of Wisconsin, is GRANTED in part as follows:

    a. The defendants Corporation for National and Community Service ("AmeriCorps") and Jennifer Bastress Tahmasebi and their officers, agents, servants, employees, and attorneys are ENJOINED from effectuating and enforcing in the plaintiff states the April 25, 2025 termination of grants, the instruction to grant recipients to cease all award activities, the removal of Volunteers in Service to America ("VISTA") members from projects, the requirement that AmeriCorps members' activities cease, and the exiting of AmeriCorps members for compelling personal circumstances.

    b. The defendants shall RESTORE the affected AmeriCorps programs in the plaintiff states to the status quo prior to the April 25, 2025 grant terminations by

REINSTATING the grants in the plaintiff states that were terminated and by RETURNING to service the AmeriCorps and VISTA members who were serving on those programs as of the date of the grant terminations (if they are willing and able to return).

c. The defendants are ENJOINED from effectuating and enforcing the April 15, 2025 removal of National Civilian Community Corps ("NCCC") members from service.

d. The defendants shall RESTORE the NCCC members to the status quo before the April 15, 2025 communication that AmeriCorps was sending all NCCC members to their homes of record and placing them on administrative hold through April 30, 2025 pending their exit from the NCCC program by RETURNING the impacted NCCC members to service (if they are willing and able to return).

e. The defendants must COMPLY with the notice-and-comment requirement in the Further Consolidated Appropriations Act, 2024, Pub. L. No. 118-47, § 401, 138 Stat. 460, 695, incorporated by reference in the Full-Year Continuing Appropriations and Extensions Act, 2025, Pub. L. No. 119-4, § 1101(a), 139 Stat. 9, 10–11, before making any significant changes in service delivery that harm the plaintiff states, including significant changes like the mass closure of AmeriCorps programs that occurred on April 25, 2025 and the April 15, 2025 removal of NCCC members from service.

f. This Order does not preclude the defendants or their officers, agents, servants, employees, or attorneys from suspending or terminating individual AmeriCorps grants for failure to abide by the terms and conditions of individual grants or the statutory requirements for grantees; discharging individual AmeriCorps and VISTA

members for cause or compelling personal circumstances; or dismissing individual NCCC members consistent with applicable law.

    g.  This preliminary injunction shall REMAIN in effect until further order of the Court.

2. The motion for a preliminary injunction is DENIED as to the request to vacate the April 16, 2025 placement of AmeriCorps staff on administrative leave and the subsequent reduction in force for AmeriCorps staff; and

3. All other relief requested by the plaintiffs in the motion for a preliminary injunction not addressed in this Order is DENIED.

_____
Deborah L. Boardman
United States District Judge